## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

CHARLES A. VERRY,                       )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )    Case No. CIV-05-1121-F
                                        )
CITY OF EL RENO, OKLAHOMA,              )
                                        )
        Defendant.                      )

## ORDER

Defendant's Motion to Dismiss, filed October 31, 2005, is before the court. Plaintiff has responded, and the motion is at issue. Plaintiff appears pro se, and his pleadings are liberally construed.

### I.  Rule 8(a)

The motion asks the court to dismiss this action, first, under Fed. R. Civ. P. 8(a). Defendant argues that the Complaint fails to set forth a claim for relief with a short and plain statement of the grounds upon which the court's jurisdiction depends and that it fails to offer a short and plain statement of the claim showing that the pleader is entitled to relief. The court agrees. The Complaint appears to consist mainly of quotations from the docket sheet of a state district court case in which plaintiff was a party and which the attached docket sheet indicates plaintiff lost. To the extent it is possible to make out the basis of plaintiff's complaints, the sufficiency of those complaints to state a cause of action is addressed below. Otherwise, plaintiff's complaints are indecipherable as grounds for a federal action. It is not the role of either the court or the defendant to sort through a conclusory and poorly drafted complaint in order to construct a cause of action. Abdelsamed v. United States, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (failure to comply with Rule 8 may be

grounds for dismissal under Rule 12(b)(6)),[1] citing <u>Glenn v. First Nat'l Bank in Grand Junction</u>, 868 F.2d 368, 371-72 (10th Cir. 1989).  Accordingly, the court finds and concludes that the Complaint violates Rule 8 and should be dismissed under that Rule and under Rule 12(b)(6) for the same reason.

## 2.  Rule 12(b)(6)

The motion also asks for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  To the extent it is possible to make out plaintiff's complaints, they appear to have to do with proceedings in a prior state court case in which plaintiff was party.  Plaintiff seems to object to the fact that a substitute counsel was allowed to appear in that case, and, in plaintiff's words, that this counsel was allowed to "intervene" in that action.  Plaintiff misunderstands the concept of intervention and the fact that an attorney who appears in an action for a party has not personally intervened in that action.  Moreover, the Complaint appears to object that several of the Federal Rules of Civil Procedure were violated in the state court action.  The Federal Rules of Civil Procedure, however, do not apply in state court.

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 2002), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The district court must construe a pro se plaintiff's complaint liberally under this standard.  *Id.*,

---

[1]Failure to comply with Rule 8(a)(2)'s "short and plain statement" requirement may be grounds for dismissal under Rule 12(b)(6).  <u>Abdelsamed v. United States</u>, 13 Fed. Appx. 883, 884 (10th Cir. 2001) (unpublished opinion cited pursuant to the requirements of 10th Cir. Rule 36.3, as an opinion which assists the court but is cited for persuasive value only).  *See also*, <u>Carpenter v. Williams</u>, 86 F.3d 1015, 1016 (10th Cir. 1996) (finding no fault with district court's conclusion that the complaint fell well short of the requirements of Rule 8(a)(1) and (2) because, even liberally construed, the complaint was incomprehensible, and upholding dismissal on this ground, although without referencing Rule 12(b)(6)).

quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  *Id.*, citing <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

Applying these standards, after careful study of the Complaint, the court concludes that the Complaint fails to state a cause of action under Rule 12(b)(6) and that it should be dismissed with prejudice under that Rule because there is no claim which could be stated in federal court related to plaintiff's objections to proceedings in state court.  As leave to amend would be futile, the dismissal under Rule 12(b)(6) should be with prejudice.

<u>Conclusion</u>

This action is hereby **DISMISSED** under the Federal Rules of Civil Procedure, Rules 8 and 12(b)(6).  The dismissal for failure to state a claim under Rule 12(b)(6) is with prejudice.

Dated this 29th day of November, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1121p005.wpd